IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Mark Mona and Joni Mona, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> Real Movers Moving and Storage, Inc., ) <br> Roadrunner Moving and Storage, Inc., ) <br> Yosi Wizman, and ) <br> 1st Street Agency, LLC, ) <br> ) <br> Defendants. ) <br> _____) | Civil Action No. 2:20-2512-BHH <br><br> **ORDER** |

This matter is before the Court upon Plaintiffs' motion to remand this case to the Charleston County Court of Common Pleas. In their motion, Plaintiffs contend that Defendant 1st Street Agency, LLC's ("1st Street") removal of this action in July of 2020 was improper because the action was filed more than one year prior to removal and because Defendant Real Movers Moving and Storage, Inc., ("Real Movers") did not consent to removal.

In response to Plaintiffs' motion, 1st Street contends that Plaintiffs' amended complaint, which was filed in state court in June of 2020, includes new causes of action that are grounded in different facts from the original complaint's claims. Defendant 1st Street states: "The Amended Complaint essentially is two (2) separate Complaints against two (2) separate groups of defendants for two (2) separate and distinctly different claims mixed into one large Complaint." (ECF No. 16 at 2.) Accordingly, 1st Street essentially asks the Court to treat the amended complaint as a new legal action with an original filing date of June 2, 2020, and to sever the new matter from the original matter and retain jurisdiction over the

new claims against 1st Street.  In addition, 1st Street contends that it was not necessary to obtain Real Movers' consent prior to removal because Real Movers was in default at the time and is a nominal party.

After consideration of the parties' briefs and the applicable law, the Court agrees with Plaintiffs that 1st Street's removal of this action was improper.  First, as Plaintiffs point out in their original and reply briefs, pursuant to 28 U.S.C. § 1446(c), a case "may not be removed" on the basis of diversity jurisdiction "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."  Here, there is no allegation that Plaintiffs have acted in bad faith to prevent Defendants from removing this action, and it is clear that 1st Street removed this action more than one year after its commencement.  Moreover, the Court disagrees with 1st Street that Plaintiffs' amended complaint includes new causes of action that are grounded in different facts from the original complaint's claims; rather, the Court agrees with Plaintiffs that the new claims asserted against 1st Street arise out of the same set of facts as the claims against the remaining Defendants, and the Court finds no basis to sever Plaintiffs' claims against 1st Street from the remaining claims.

In addition, the Court is not convinced by 1st Street that Real Movers is a nominal party whose consent was not necessary prior to removing the action.  *See* 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.").  Stated plainly, simply because Real Movers is in default does not mean that it has no stake in the litigation, or that it does not remain liable and subject to any judgment.

Based on the foregoing, the Court finds that Defendant 1st State's removal of this

action was improper and defective, and the Court therefore grants Plaintiffs' motion to remand (ECF No. 11), hereby remanding this action to the Charleston County Court of Common Pleas.

**AND IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

December 17, 2020
Charleston, South Carolina

3